GERALD M. and SHIRLEY M. AZELTINE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Azeltine v. Commissioner
Docket No. 5922-88.
United States Tax Court
T.C. Memo 1989-246; 1989 Tax Ct. Memo LEXIS 246; 57 T.C.M. (CCH) 483; T.C.M. (RIA) 89246; May 18, 1989. *246 Gerald M. Azeltine, pro se. Stephen P. Baker, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: This case is before us on respondent's motion for summary judgment pursuant to Rule 121(a). [1] We hold that there is no genuine issue of material fact in dispute herein and that respondent is entitled to judgment as a matter of law. Respondent issued separate notices of deficiency to petitioners, each dated December 31, 1987, in which the following deficiencies and additions to tax were determined against petitioners as follows: Gerald M. Azeltine
Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2) 6661
6654
1984
$ 17,229.15
$ 4,307.28
$ 861.46
*
$ 4,307.28
$ 1,083.23
1985
16,336.00
4,084.00
816.80
**
4,084.00
936.13
1986
5,582.00
1,395.50
279.10
***
1,395.50
270.10
*247 Shirley M. Azeltine
Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6661
6654
1984
$ 3,442.00
$ 860.50
$ 172.50
*
-0-
$ 216.39
1985
3,829.00
938.25
191.45
**
-0-
213.96
By a previous order dated September 1, 1988, the Court dismissed the above-entitled case except for a single issue: whether petitioner Gerald M. Azeltine earned an additional $ 10,755 in wages in 1986. By affidavit respondent has demonstrated that the disputed item of income, shown in the notice of deficiency as wages paid by "Contractors, Inc." was in reality wages paid by Pride & Suther Mechanical Contractors, Inc., as shown by the W-2 Form attached to respondent's affidavit. Respondent advised petitioner of this, sending him a copy of the W-2, together with a prepared stipulated *248 decision document for petitioners' signatures. Petitioner replied by letter dated January 5, 1989: I, Gerald M. Azeltine (petitioner) do not wish to argue either point or fact of law by man. I further stipulate that I do not wish to take up any more of the Tax Court's time or resources as you now have your records corrected as to where the $ 10,755.36 came from. However, petitioner refused to sign the decision documents, apparently on religious grounds. There being no genuine issue of material fact now in dispute between the parties, respondent's motion for summary judgment is granted. Decision will be entered for the respondent.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all statutory references are to the Internal Revenue Code, as amended, and in effect during the years in issue.↩
*. 50% of the interest due on a deficiency of $ 17,229.15. ↩
**. 50% of the interest due on a deficiency of $ 16,336.00. ↩
***. 50% of the interest due on a deficiency of $ 5,582.00.↩
*. 50% of the interest due on a deficiency of $ 3,442.00. ↩
**. 50% of the interest due on a deficiency of $ 3,829.00.↩